**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4448**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TRACEY TARRELL THORPE,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:11-cr-00093-BR-1)

───────────

Submitted:  January 29, 2013      Decided:  March 12, 2013

───────────

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Tarrell Thorpe appeals the district court's judgment imposing an eighty-seven-month sentence following his guilty plea to two counts of theft of government property, in violation of 18 U.S.C. § 641 (2006), and one count of theft of the personal property of another, in violation of 18 U.S.C. § 661 (2006). Thorpe argues that his sentence was procedurally unreasonable because the district court based the length of his sentence in part on his need for drug treatment, in violation of Tapia v. United States, 131 S. Ct. 2382 (2011). Thorpe also argues that his sentence was substantively unreasonable because there was no significant justification for an upward departure of more than four years from his Guidelines range. We affirm.

We review Thorpe's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We first review for "significant procedural error[s]," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. To avoid procedural error, the district court must make an "individualized assessment," wherein it applies the relevant

§ 3553(a) factors to the specific facts of the defendant's case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Because Thorpe did not raise a Tapia objection in the district court, our review is for plain error. See United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012) (applying plain error review to challenge of sentence based on Tapia raised for first time on appeal). In the sentencing context, an error affects substantial rights only if there is a nonspeculative basis to believe that the sentence the defendant received was longer than the sentence he would have received but for the error. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005); United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005).

In Tapia, the Supreme Court held that 18 U.S.C. § 3582(a) (2006) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation". 131 S. Ct. at 2391. Because the district court here merely indicated at the sentencing hearing that Thorpe would have the opportunity to enter a drug rehabilitation program, we conclude that the district court did not impose a sentence to promote rehabilitation. See id. at 2392 ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."). Even if the district court

3

did commit plain error in light of Tapia, Thorpe fails to establish that his substantial rights were affected because he proffers only speculation, and no evidence, that he received a longer sentence in promotion of his rehabilitation.

Thorpe also argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. In reviewing a variance, we must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). The district court "has flexibility in fashioning a sentence outside of the Guidelines range" and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. Id. at 364 (internal quotation marks omitted). While "a major departure should be supported by a more significant justification than a minor one[,] . . . a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." Id. at 366 (internal quotation marks omitted).

The district court granted an upward departure after considering arguments from both parties. Moreover, the district court adequately explained its reasons for granting an upward

4

departure, noting Thorpe's extensive criminal history and high likelihood of recidivism and citing various § 3553(a) factors to justify the upward departure. Under the deference due to the district court, we conclude that Thorpe's eighty-seven-month sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED